[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2012
JOHN LEY
CLERK

No. 12-10540
Non-Argument Calendar

_____

D.C. Docket No. 0:94-cr-06003-DTKH-4


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD FORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 20, 2012)

Before TJOFLAT, BARKETT  and KRAVITCH, Circuit Judges.

PER CURIAM:

Ronald Ford, a federal prisoner proceeding *pro se*, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion. Ford's motion requested that his 324-month sentence, imposed for conspiracy to possess with intent to distribute cocaine base and possession with intent to distribute cocaine base, be reduced in light of Amendment 750 to the Sentencing Guidelines, which reduced the base offense levels corresponding to some crack cocaine offenses. On appeal, Ford acknowledges that he was ineligible for a § 3582(c)(2) reduction under controlling precedent, but argues that the history and policy behind the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (2010), show an intent to grant district courts the authority to make sentence reductions greater than those previously authorized. Given the special nature of Amendment 750, Ford maintains that there is substantial ambiguity as to whether the court had authority to reduce his sentence, and he requests that we resolve that uncertainty in his favor under the rule of lenity.

We review *de novo* the district court's legal conclusions regarding the scope of its authority under § 3582(c)(2). *See United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008). Under § 3582(c), the district court "may not modify a term of imprisonment once it has been imposed except . . . in the case of a defendant

2

who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A modification is permitted only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The Sentencing Guidelines provide that a reduction in sentence as the result of a retroactively applicable amendment is not proper if the "amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Supreme Court has explicitly held that a district court may not reduce a defendant's sentence below his amended guideline range, unless his original sentence was for a term below the guideline range. *Freeman v. United States*, 564 U.S. __, 131 S.Ct. 2685, 2693, 180 L.Ed.2d. 519 (2011); *Dillon v. United States*, 560 U.S. __, 130 S.Ct. 2683, 2691-92, 177 L.Ed.2d 271 (2010).

Effective November 1, 2011, Amendment 750 to the Sentencing Guidelines altered the Drug Quantity Table used to calculate the base offense levels corresponding to the possession of certain amounts of crack cocaine. *See* U.S.S.G. App. C, Amend. 750 (2011). Amendment 750 notes that it "does not lower the sentences[] for offenses involving . . . at least 2.8 kilograms but less than 4.5 kilograms [of crack cocaine]." U.S.S.G. App. C, Amend. 750, Part C at 394.

"The rule of lenity requires ambiguous criminal laws to be interpreted in

3

favor of the defendants subjected to them." *United States v. Santos*, 553 U.S. 507, 514, 128 S.Ct. 2020, 2025, 170 L.Ed.2d 912 (2008). "The simple existence of some statutory ambiguity, however, is not sufficient to warrant application of that rule." *Muscarello v. United States*, 524 U.S. 125, 138, 118 S.Ct. 1911, 1919, 141 L.Ed.2d 111 (1998). In order for the rule of lenity to apply, there must be a "grievous ambiguity or uncertainty in the statute." *Id.* at 138-39, 118 S.Ct. at 1919 (quotations omitted).

Here, the district court lacked authority to reduce Ford's sentence under § 3582(c)(2), as Amendment 750 did not lower his guideline range. Furthermore, Ford is serving the minimum sentence available for his guideline range, thus, the district court could not have reduced his sentence any further. *Freeman*, 564 U.S. at __, 131 S.Ct. at 2693; *Dillon*, 560 U.S. at __, 130 S.Ct. at 2691-92. Ford has not shown any "grievous ambiguity or uncertainty" in any criminal statute, and the rule of lenity does not apply in this case. Accordingly, upon review of the record and consideration of the parties' briefs, we affirm the district court's denial of Ford's motion.

**AFFIRMED.**